NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  BRYAN BRIGGS,**
*Appellant*

---

2022-1299

---

Appeal from the United States District Court for the Northern District of California in No. 4:21-mc-80235-DMR, Magistrate Judge Donna M. Ryu.

---

PER CURIAM.

**O R D E R**

Bryan Briggs filed a submission at the United States District Court for the Northern District of California commencing a miscellaneous action concerning a foreclosure of his personal property, requesting "a total of $187,000." Complaint at 44, *In re Briggs*, No. 4:21-mc-80235-DMR (N.D. Cal. Sept. 21, 2021), ECF No. 1.  The court struck Mr. Briggs's filing as improper, directed him to re-file as a civil complaint, and closed the matter.  After the court denied his motion for reconsideration, Mr. Briggs filed this appeal. Responding to this court's March 4, 2022 show cause order, Mr. Briggs contends that we have jurisdiction.

Our jurisdiction over final decisions of district courts is circumscribed by 28 U.S.C. § 1295.  Under that statute, this court has jurisdiction only over district court cases

arising under the patent laws, *see* § 1295(a)(1); or under § 1295(a)(4)(C); or certain cases against the United States for claims "not exceeding $10,000 in amount," 28 U.S.C. § 1346(a)(2), *see* 28 U.S.C. § 1295 (a)(2). Mr. Briggs's matter falls outside of that limited jurisdiction.[*]

When this court lacks jurisdiction, we may transfer to another court, if it is in the interest of justice, where "the action or appeal could have been brought at the time it was filed." 28 U.S.C. § 1631. Here, that court would be the United States Court of Appeals for the Ninth Circuit.

Accordingly,

IT IS ORDERED THAT:

The appeal and all transmittals are transferred pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Ninth Circuit.

FOR THE COURT

May 26, 2022
    Date

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

---

[*]    The court also notes that Mr. Briggs has failed to pay the docketing fee or file a completed motion for leave to proceed *in forma pauperis* within the time set forth by this court's March 4, 2022 order.